UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 16-21289-CIV-MORENO

SETAI HOTEL ACQUISITIONS, LLC,

       Plaintiff,

vs.

LUXURY RENTALS MIAMI BEACH, INC.
and KRISTINE HALL,

       Defendants.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

Plaintiff, Setai Hotel Acquisitions, LLC, is bringing trademark and tortious interference claims against Defendants Luxury Rentals Miami Beach, Inc. and Kristine Hall, real estate brokers that rented out private condominiums at the Setai Hotel. Plaintiff claims the Defendants are operating a shadow hotel within the hotel, and in so doing are counterfeiting, diluting, and infringing on Plaintiff's trademarks and tortiously interfering with Plaintiff's business relationship with the condominium unit owners. Defendants have moved to dismiss. The Court finds the allegations are insufficient to state a claim for trademark violations, but the tortious interference claim is sufficiently pled. Plaintiff may file an amended complaint consistent with this Order.

THIS CAUSE came before the Court upon Motion to Dismiss **(D.E. 10)**.

THE COURT has considered the motion, the response, pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED as to the trademark claims, without prejudice and with leave to refile. It is also

**ADJUDGED** that the motion is DENIED as to the tortious interference claim. Plaintiff may file an amended complaint consistent with this order by December 20, 2016.

I.  Background

Plaintiff, Setai Hotel Acquisition, LLC, is the owner and operator of "The Setai Hotel" in Miami Beach, Florida. Defendant Luxury Rentals Miami Beach, Inc. is a real estate brokerage firm that manages privately owned properties in luxury hotels in South Florida, including The Setai Resort and Residences in Miami Beach. Defendant Kristine Hall manages Luxury Rentals Miami Beach, Inc. Plaintiff's complaint alleges the Defendants operate a fully-integrated "shadow hotel" within the Setai Hotel including providing concierge services, housekeeping services, and guest assistance services. Plaintiff contends these activities counterfeit, dilute and infringe on Plaintiff's trademarks. Plaintiff's complaint also raises tortious interference and unfair competition claims.

Defendants have been offering units for rent at the Setai Hotel for seven years and Plaintiff purchased the Setai Hotel in December 2014. Defendants move to dismiss citing "The Declaration of Setai Resorts and Residences," and its amendments. Defendants argue the Declaration explicitly authorizes the unit owners to offer their units for rent through third-party rental agencies. Defendants argue the Declaration directs unit owners to refer to the Setai Hotel using its proper name – the trademark at issue. Defendants contend they use the name of the hotel to accurately describe the geographic location of the units being offered for rent, which constitutes a fair use of the mark.

## II. Legal Standard

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most

2

favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal*, 129 S. Ct. at 1950.

### III. Analysis

*A. Does the Declaration bar Plaintiff's claims and authorize Defendants' activities?*

The primary issue raised in the motion to dismiss is whether "The Declaration of Setai Resorts and Residences" contradicts the allegations in the complaint requiring dismissal of Plaintiff's trademark and tort claims. Although the Declaration was not attached to the Plaintiff's complaint, this Court may consider it without converting the motion into one for summary judgment. *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

Both sides agree the Declaration allows for the rental of private residential units at the Setai Hotel. The Unit Owners and the Hotel Owner agreed that Unit Owners could privately rent their condominiums directly to tenants or through third-party brokers. The Declaration reads in relevant part:

> It is intended that the Units may be used for transient and/or hotel rentals. As such, leasing of Units (other than Club Units) or portions thereof shall not be subject to the approval of the Association and/or any other limitations, other than expressly provided herein . . . the foregoing authorization for the use of Units for rental purposes shall refer solely to rentals to the public for transient or hotel

3

occupancy conducted by the Unit Owner directly or through rental agencies or real estate brokers.

Exh. A at 16.7, 17. This provision also requires tenants to comply with "procedures adopted by the Hotel Unit Owner regarding mandatory check-in for Owners and residents, coordination of charging privileges and other matters reasonably necessary to allow Owners and hotel guests to be well integrated into a unified structure and operation." *Id.* To that end, the Declaration also directs Unit Owners that "[t]he name by which this condominium is to be identified is SETAI RESORT & RESIDENCES, A CONDOMINIUM." Exh. A at ¶ 1.3.

The Declaration also discusses servicing of the condominium units while a renter is on premises. It states as follows:

> [A]ll service issues encountered [by rental tenant] while in-residence in the Unit Owner's Unit shall be addressed by the Unit Owner or its third party agent . . . .[and t]he distribution and exchange of Unit keys must be managed by a third party appointed at the sole cost and expense of the Unit Owner.

Exh. A ¶17.1(c), 17.1(d). In addition to this provision which applies to service issues in-residence, the Declaration states that the Hotel Unit Owner, i.e. the Plaintiff Setai Hotel Acquisitions Inc., may "from time to time . . . have the exclusive right (but not the obligation) to provide hotel and/or transient rental services, including, but not limited to, solicitation and/or provision of the housekeeping, personal services (i.e., massage, personal training, dry cleaning, etc.) and/or food and beverage service, to the Condominium and the Unit Owners." Exh. A at ¶ 16.3. It is the Plaintiff's exclusive right to provide these amenities that it claims Defendants should not be providing to its rental guests.

Based on the language of paragraph 16.3 granting the Plaintiff the "exclusive right" to provide these traditional hotel amenities to guests, the Court cannot find that the Declaration precludes Plaintiff's claims at this juncture.

### B. Does the use of the Setai mark constitute nominative fair use?

4

Defendants argue that its use of the Setai Mark on its website to describe the location of units available for rent is a permissible fair use. "The fair use defense, in essence, forbids a trademark registrant to appropriate a descriptive term for its exclusive use and so prevent others from accurately describing a characteristic of their goods [or services]." *Int'l Stamp Art, Inc. v. U.S. Postal Serv.*, 456 F.3d 1270, 1274 (11th Cir. 2006) (citations omitted). A defendant can establish a fair use defense if a defendant demonstrates that its use is other than as a mark, in a descriptive sense, and in good faith. *Id.* "One can use another's mark truthfully to identify another's goods or services in order to describe or compare its product to the markholder's product." *Bd. of Supervisors of the Louisiana State Univ. v. Smack Apparel Co.*, 438 F. Supp. 2d 653, 662 (E.D. La. 2006); *see also New Kids on the Block v. New America Pub. Inc.*, 971 F.2d 302 (9th Cir. 1992) (upholding a newspaper's naming of a band "The New Kids on the Block" because there were no words available to denote the band other than by its name).

Reviewing the allegations of this Complaint, the Plaintiff has not shown how the Defendant has used The Setai mark beyond a fair use. Plaintiff's bare allegations only state that Defendant has "created an impression of affiliation, authorization, sponsorship, or cooperation with [Plaintiff] when, in fact, no such relationship exists." Without any factual examples, the Complaint asserts Defendants' use of the Setai mark on its website and elsewhere extends beyond what is "reasonably necessary to identify" the Setai rooms Defendants rent. There are no factual allegations in the Complaint describing how Defendant uses the mark beyond as is the Defendant's contention to describe the geographical location of the units. *Schafer Co. v. Innco Mgmt. Corp.*, 797 F. Supp. 477, 481 (E.D.N.C. 1992) (finding fair use doctrine applies when mark is used to describe a geographic location). Where the pleadings fail to allege use of a mark beyond the fair use, as is the case here, the plaintiff fails to state a claim for which relief can be granted and dismissal without prejudice is appropriate. *Hensley v. Mfg. Inc. v. Propride, Inc.*,

5

579 F.3d 603, 613 (6th Cir. 2009); *Stevo Design, Inc. v. SBR Mktg., Ltd.*, 919 F. Supp. 2d 1112, 1124 (D. Nev. 2013). Accordingly, the Court dismisses without prejudice the trademark claims with leave to re-plead in an Amended Complaint.

### C. Does Plaintiff state a claim for tortious interference?

Under Florida law, a plaintiff claiming tortious interference must allege: (1) the existence of a business relationship; (2) defendant's knowledge of that business relationship; (3) defendant's intentional and unjustifiable interference with that business relationship; and (4) damages to plaintiff as a result. *Romika-USA, Inc. v. HSBC Bank USA, N.A.*, 514 F. Supp. 2d 1334, 1339 (S.D. Fla. 2007). Plaintiff has alleged the existence of a business relationship between the Unit Owners and itself, which relationship is governed by the Declaration. Plaintiff alleges that the Declaration includes a provision granting Plaintiff the exclusive right to provide hotel and transient rental services to the Setai and Unit Owners, "including check-in services, daily services, concierge and marketing services." Plaintiff alleges that Defendants knew the contents of the Declaration and nevertheless, took action to induce a breach by the Unit Owners, by encouraging Unit Owners to use Defendants "for transient rental services such as check-in services, daily services, concierge and marketing services instead of [Plaintiff]." Plaintiff also alleges the Unit Owners used Defendants to Plaintiff's detriment to provide those services. The Court finds these allegations sufficient to state a claim for tortious interference.

DONE AND ORDERED in Chambers at Miami, Florida, this ___9___ of December 2016.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record